IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HAZEM GARADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22-cv-723 (LMB/IDD) |
| | ) |
| HOME DEPOT U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is defendant HOME DEPOT U.S.A., INC.'s[1] ("Home Depot" or "defendant") Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"). The Motion to Dismiss, filed with a notice consistent with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), seeks dismissal of the Amended Complaint filed by pro se plaintiff Hazem Garada ("Garada" or "plaintiff") which alleges that the defendant infringed plaintiff's consumer and civil rights in violation of 42 U.S.C. § 1981 when it declined to honor an oral agreement to discount the fee for his rental of a moving truck by fifty percent. Plaintiff has filed both an opposition and a surreply to defendant's Motion to Dismiss. Having considered all of the parties' submissions, the Court finds that oral argument will not assist the decisional process, and for the reasons that follow, defendant's Motion to Dismiss will be granted, and plaintiff's Amended Complaint will be dismissed.

---

[1] In its Motion to Dismiss, the defendant states that its name is "HOME DEPOT U.S.A., INC.," rather than Home Depot, Inc. as named in the Amended Complaint. The Clerk will be directed to correct the name of the defendant.

I. BACKGROUND

Plaintiff, who describes himself as "a proud US Muslim Citizen of middle Eastern Arabic descent of Brown skin race," [Dkt. No. 4] at 1, filed his original Complaint on June 27, 2022, [Dkt. No. 1] along with an application to proceed in forma pauperis, [Dkt. No. 2]. Screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed the Complaint without prejudice, allowed plaintiff to file an Amended Complaint, and granted his application to proceed in forma pauperis. [Dkt. No. 3]. Plaintiff filed his Amended Complaint on July 27, 2022, [Dkt. No. 4] and, although Home Depot states that it was not properly served with the Amended Complaint at the time of filing its Motion to Dismiss, it has waived proper service. [Dkt. No. 8]; [Dkt. No. 9] at 2 n.2.

Plaintiff's Amended Complaint alleges that Home Depot discriminated against him in violation of 42 U.S.C. § 1981 by refusing to honor a Home Depot assistant manager's oral agreement to discount the rental fee for a moving truck by fifty percent. [Dkt. No. 4] at 1–3. Plaintiff seeks $100,000 in damages. Id. at 8. At the time of the events giving rise to the Amended Complaint, plaintiff was a Home Depot employee. Id. at 3. Needing to rent a moving truck for the morning of Monday, June 20, 2022, Garada first made an online reservation for a truck with Home Depot on June 4, 2022. Id. at 2; [Dkt. No. 4-1] at 12. Around 4:00 p.m. on June 19, 2022, he received an email from Home Depot cancelling his reservation because a truck was not available. [Dkt. No. 4-1] at 10. The email refunded his $150.00 deposit. Id. After receiving this cancellation, plaintiff called the store and was told that another truck was available. [Dkt. No. 4] at 2. Hearing this, he made a second online reservation for a truck; however, the reservation was cancelled within six (6) minutes "due to availability," and his $150.00 deposit was again refunded. Id.; [Dkt. No. 4-1] at 5–9. Garada called the store and,

2

after confirming that a truck would be available for rental the next morning, he drove to Home Depot that evening and reserved the truck in person. [Dkt. No. 4] at 3. To do that, he made a $150.00 deposit on his credit card. [Dkt. No. 4-1] at 3. The Amended Complaint alleges that "due to the hassle, trouble, time and money lost driving back and forth to the store," the assistant manager in charge at the time, "Mr. KO . . . agreed to give plaintiff [a] 50% discount" towards the rental fee.[2] [Dkt. No. 4] at 3.

When plaintiff picked up the truck on Monday, June 20, 2022, he told John William, a white Home Depot employee in charge of truck rentals that morning, that Mr. KO had authorized a fifty percent discount of the rental fee. [Dkt. No. 4] at 3. The Amended Complaint alleges that William responded "[r]udely and violently," and told plaintiff in "a threatening voice . . . 'I don't care what KO says, when you come back find him and let him come himself to do the discount.'" Id. Plaintiff subsequently used the truck for the full 24 hours for which he had rented it. Id. When plaintiff returned the truck the next morning on June 21, 2022, William told him that he would not charge his card until plaintiff found Mr. KO to authorize the discount; however, the Amended Complaint alleges that William charged plaintiff's card for the full amount of the truck rental after plaintiff left the store.[3] Id. This allegation appears to conflict with the documents

---

[2] The contract under which plaintiff rented the truck contains a clear statement in its Terms & Conditions that store employees are not authorized to make oral changes to its written terms: "I agree that no representative of the Home Depot is authorized to make any promise, warranty, or representation to me other than those reflected in writing in the Agreement. I agree to the Terms & Conditions and understand that the Agreement cannot be modified or changed except in writing signed by both parties." [Dkt. No. 4-1] at 1.

[3] Plaintiff indicates in his opposition that he successfully disputed with his credit card company at least part of the original $150.00 charge to his card for the truck rental based on his belief that he was entitled to the fifty percent discount. [Dkt. No. 12] at 6. As such, it appears plaintiff incurred no monetary damages. Even if he had not disputed the charge, his actual damages would only amount to $71.50, fifty percent of the final $143.10 rental price. Plaintiff's request for $100,000 in damages—a ratio of almost 1400 to 1 to the price of the discounted rental—is obviously grossly excessive in comparison to any actual damages sustained. BMW of N. Am.,

3

plaintiff attached to his Amended Complaint which show that, on June 21, 2022, plaintiff's card was credited $6.90, the difference between the truck rental price of $143.10 and the $150.00 deposit. [Dkt. No. 4-1] at 1.

After being denied the discount for the truck rental, plaintiff repeatedly called the store and eventually spoke with "Mr. Nick," an assistant manager. [Dkt. No. 4] at 3. He told plaintiff that the store manager "Mrs. Brook"—who the Amended Complaint describes as a white employee—had instructed Mr. Nick to not get involved because William had told Mrs. Brook that plaintiff was trying to use his status as an employee to get a discount. Id. Plaintiff drove to the store and spoke with another assistant manager, "Mr. Zee" who allegedly "suddenly became rude, loud, and violently" yelled, "[y]ou work here so no discount, you will pay the $145 rental all day fee, and will not have [William] or KO fired just because you don't want to pay, HAVE A NICE DAY." Id. (emphasis in original). Plaintiff also spoke with Mrs. Brook about the situation in the afternoon on June 21, 2022, but she took no action. Id. at 4. Plaintiff filed a complaint with Home Depot's corporate office, but he claims this office "[threw] away" his complaint and referred him to the Human Resources Department. Id. at 4–5. Plaintiff also tried to reach out to "any corporate manager in the customer complaint department" in an effort to explain that he was acting as a customer rather than an employee when he rented the truck, but this was unsuccessful. Id. at 4.

The Amended Complaint describes three events that it claims establish a pattern and practice of discrimination. [Dkt. No. 4] at 4. First, it alleges that a Home Depot employee

---

Inc. v. Gore, 517 U.S. 559, 583 (1996) (quoting TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 481 (1993)) (stating that "a breathtaking" ratio of punitive damages to actual damages of "500 to 1 . . . must surely 'raise a suspicious judicial eyebrow'" when considering whether a damages award violates the Due Process Clause).

accused a black customer of stealing, leading to a "violent confrontation," and that Mrs. Brook did nothing after plaintiff reported the incident to her. Id. Second, it alleges that William posted "threatening foul language" to the "employee web chat," saying "[w]hat an [i]diot" about a non-white customer. Id. It also alleges that, after a black Home Depot employee messaged, "[y]eah I created the reservation yesterday cause they wanted to pick it up at 8 am [tomorrow]," William immediately responded, "[d]umbass's [sic] need to stop creating reservations in store[, let] the customer do it on their computer from home." Id. at 4–5. Finally, the Amended Complaint alleges that "Mr. T," a white department supervisor, tried to charge a Pakistani "customer of Muslim origin," a fuel charge even though the truck the customer returned had a full fuel tank. Id. at 5. Although plaintiff's efforts to remedy this situation were initially blocked by Mr. T, the customer's money was returned. Id.

## II. DISCUSSION

Defendant has moved to dismiss plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) which requires a court to dismiss a complaint if the "plaintiff's allegations fail to state a claim upon which relief can be granted." Abdelhamid v. Sec'y of the Navy, 525 F. Supp. 3d 671, 681 (E.D. Va. 2021) (quoting Adams v. NaphCare, Inc., 244 F. Supp. 3d 546, 548 (E.D. Va. 2017)). To survive a 12(b)(6) motion, a complaint's factual allegations must be more than speculative and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Even though pro se complaints are to be construed liberally, a pro se plaintiff still must state a claim for relief that is plausible on its face. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016). "Without converting a motion to dismiss into a motion for summary judgment, a court may consider the attachments to the complaint, documents incorporated in the complaint by reference, and documents 'attached

to the motion to dismiss, so long as they are integral to the complaint and authentic.'" Lokhova v. Halper, 441 F. Supp. 3d 238, 252 (E.D. Va. 2020) (quoting Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)). To the extent that there are conflicts between the documents and the Amended Complaint, the information in the documents will prevail. Goines v. Valley Cmty. Services Bd., 822 F.3d 159, 166 (4th Cir. 2016).

Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To state a claim for discrimination under § 1981, a complaint must allege that the plaintiff (1) "belongs to a racial minority group; (2) defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination relates to a contractual relationship covered under § 1981." Bates v. Laurel Grove Baptist Church, Inc., 2017 WL 2888719, at *2 (E.D. Va. July 6, 2017).

The Amended Complaint states that plaintiff is "a proud US Muslim Citizen of middle Eastern Arabic descent of Brown skin race," [Dkt. No. 4] at 1, and defendant does not dispute that this sufficiently alleges that plaintiff is a member of a racial minority group, [Dkt. No. 9] at 6. To show that a defendant intended to discriminate against a plaintiff based on his race, a complaint must allege either direct or circumstantial evidence of discrimination. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004). Direct evidence includes "statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested . . . decision." Clement v. Satterfield, 927 F. Supp. 2d 297, 308 (W.D. Va. 2013) (quoting Warch v.

6

Ohio Cas. Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006)). Lacking such direct evidence, a complaint can create an inference of discrimination based on circumstantial evidence by alleging that plaintiff (1) "is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers." Williams, 372 F.3d at 667. To allege the fourth element, a complaint should present facts showing that "a similarly situated person outside the protected group . . . received more favorable treatment." Bates, 2017 WL 2888719, at *2.

Plaintiff's Amended Complaint proffers no facts which constitute direct evidence that Home Depot denied him a fifty percent discount because of his race.[4] It contains only one conclusory allegation that the plaintiff "should not have been treated [in] such a manner just because he is of a different nationality, religion, or race," [Dkt. No. 4] at 4; however, this "threadbare recital[] of a cause of action's elements" does not establish direct evidence of discrimination. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

Neither has the Amended Complaint created a plausible inference of discrimination through circumstantial evidence. For example, it fails to point to any white customers who were given a discount when plaintiff was not. Instead, it describes three unrelated incidents that lack

---

[4] Defendant states that plaintiff appears to assert in his opposition memoranda that he was discriminated against for the two cancelled truck rentals in addition to not receiving the fifty percent discount for the third rental. [Dkt. No. 13] at 2. "[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." Arnett v. Hodges Law Office, PLLC, 2019 WL 4195343, at *4 n.13 (E.D. Va. Sept. 4, 2019) (quoting Mylan Labs, Inc. v. Akzo, N. V., 770 F. Supp. 1053, 1068 (D. Md. 1991)); however, even if this claim had been alleged in the Amended Complaint, it would fail because both of those reservations were done online. See [Dkt. No. 4] at 2. As such, it would not have been possible for defendant to know plaintiff's race or ethnicity.

7

any similarity to plaintiff's situation, which plaintiff claims establish a pattern or practice of discrimination by Home Depot. Although "[t]he Fourth Circuit has stated clearly that non-class action plaintiffs may not assert a pattern and practice claim," Tang v. E. Virginia Med. Sch., 2021 WL 2916714, at *6 (E.D. Va. July 12, 2021) (quoting Demuren v. Old Dominion Univ., 33 F. Supp. 2d 469, 479 (E.D. Va. 1999)), individual plaintiffs can "use evidence of a pattern or practice of discrimination to help prove claims of individual discrimination" through circumstantial evidence, Gilyard v. Northlake Foods, Inc., 367 F. Supp. 2d 1008, 1016 (E.D. Va. 2005) (citing Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 758–759 (4th Cir.1998), vacated on other grounds, 527 U.S. 1031 (1999) (specifying that pattern or practice evidence can help show that a plaintiff was treated in a way "giving rise to an inference of unlawful discrimination")). In plaintiff's case, the three alleged incidents are too dissimilar from plaintiff's experience to make out a "[p]attern and [p]ractice" that would plausibly support plaintiff's claim that he "was denied the opportunity to contract for goods or services that was otherwise afforded to white customers." Williams, 372 F.3d at 667.

Moreover, of the three incidents cited in the Amended Complaint, only one involves William, who was the employee who "[r]udely" refused to give plaintiff the fifty percent discount. The incident involved William using what the Amended Complaint describes as "threatening[,] foul language" over an employee messaging system when William wrote "[w]hat an [i]diot" about a non-white customer, and responding to a black Home Depot employee using the word "[d]umbass's [sic]." [Dkt. No. 4] at 4–5. Even if these messages could be probative of discrimination generally, they do not relate to William's denial of plaintiff's discount and do not create an inference that plaintiff was treated differently than similarly situated white customers in this instance. Cf. Jarvis v. Wells Fargo Bank, N.A., 2022 WL 1663568, at *4 (D. Md. May 25,

8

2022) (finding evidence of a pattern or practice of discrimination "occurring at numerous branches across the country . . not sufficiently connected to" alleged discrimination against a plaintiff at one branch).

The allegations about the treatment of two non-white customers—that a black customer was accused of stealing by an unnamed Home Depot employee and that a Muslim customer of Pakistani origin was mistakenly charged a fuel charge when returning a rental truck—are also insufficient to create an inference of discrimination. Both incidents involve different Home Depot employees than those who denied plaintiff his discount, and, although one incident involved a truck rental, neither involved the promise and denial of a discount for any product at Home Depot. Moreover, the Court previously dismissed plaintiff's Complaint in part because these "two customer incidents [were] not described with sufficient detail to make out a claim of a discriminatory environment." [Dkt. No. 3] at 3. Plaintiff's Amended Complaint adds little more than superficial details to these descriptions, such as the name of the black customer and the name of the Home Depot employee who mischarged the customer a fuel fee, but fails to detail the dates of these incidents or where they occurred. Compare [Dkt. No. 1] at 4 with [Dkt. No. 4] at 4–5. Because the Amended Complaint does not materially alter the previously-dismissed allegations, and because, as written, they are still too unrelated to the denial of plaintiff's discount, the two allegations do not create an inference that defendant discriminated against Garada. The Amended Complaint otherwise presents no allegations that could create a plausible inference of discrimination. Accordingly, it fails to allege that plaintiff was denied the fifty percent discount because of his race, and has therefore failed to state a claim for discrimination under § 1981.

Defendant also correctly argues that the Amended Complaint has not alleged that the oral agreement for a fifty percent discount was a "contractual relationship covered under § 1981." [Dkt. No. 9] at 11. "A claim under § 1981 must identify an impaired contractual relationship." Bates, 2017 WL 2888719, at *2 (citing Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006)). "The general rule is that a new promise, without other consideration than the performance of an existing contract in accordance with its terms, is a naked promise without legal consideration therefor and unenforceable." Seward v. New York Life Ins. Co., 154 Va. 154, 154 (1930). There is no dispute that plaintiff's contract with defendant to rent a moving truck was fulfilled. The only dispute is over the alleged proffered discount, offered "due to the hassle, trouble, time and money lost driving back and forth to the store." [Dkt. No. 4] at 3. Because no valuable consideration for the discount was exchanged other than the performance of the already agreed-to contract to rent the truck, the discount was an unenforceable, gratuitous promise that plaintiff may not rely upon for his § 1981 claim.

Plaintiff argues in his opposition that he entered into the contract to rent the truck only after Mr. KO approved the discount. [Dkt. No. 12] at 5. Again, plaintiff may not amend his Amended Complaint through his opposition memorandum; Arnett, 2019 WL 4195343, at *4 n.13; however, even if plaintiff agreed to rent the truck only on the condition of receiving the discount, the truck rental agreement clearly states that "no representative of The Home Depot is authorized to make any promise . . . other than those reflected in writing in the Agreement," and the price of the rental as reflected in the agreement was $143.10. [Dkt. No. 4-1] at 1. Mr. KO was therefore unauthorized to make any modifications to the price of the contract, and, as such, the discount would have been ineffective even if plaintiff construed it as a condition of his entering the contract to rent the truck. The Amended Complaint's failure to allege that plaintiff

entered into a contractual relationship covered under § 1981 is another basis upon which the Court finds that the Amended Complaint has failed to state a claim for discrimination under § 1981.

Lastly, it is worth noting that plaintiff has already been permitted to file an Amended Complaint, and because any further amendment would be futile, the dismissal of plaintiff's Amended Complaint will be with prejudice.

### III. CONCLUSION

For the reasons discussed above, defendant's Rule 12(b)(6) Motion to Dismiss [Dkt. No. 8] will be GRANTED, and the Amended Complaint will be DISMISSED WITH PREJUDICE by an Order to be issued with this Memorandum Opinion.

Entered this 17th day of February, 2023.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge